UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SHAUN NICHOLAS                    )
CARSON-MOORE, # 506916,           )
                                  )
            Plaintiff,            )    Case No. 1:16-cv-470
                                  )
v.                                )    Honorable Paul L. Maloney
                                  )
PAUL MARTIN,                      )    **REPORT AND RECOMMENDATION**
                                  )
            Defendant.            )
_____)

      This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C.

§1983.  This lawsuit arises out of conditions of plaintiff's confinement at the St. Joseph

County Jail on April 18, 2016.  Plaintiff alleges that Deputy Paul Martin used

excessive force against him in violation of his Eighth Amendment rights.  Plaintiff

seeks an award of damages.[1]

      On November 29, 2016, defendant filed the motion now before me seeking  Rule

37 sanctions.  (ECF No. 16).  Defendant seeks dismissal of plaintiff's complaint,

attorney's fees, and costs as a sanction for plaintiff's failure to appear on September

29, 2016, for his deposition.  Plaintiff has ignored defendant's motion.  For the reasons

set forth herein, I recommend that plaintiff's complaint be dismissed under Rule 41(b)

for failure to prosecute and failure to keep the Court apprised of his address.  I

recommend that defendant's motion for Rule 37 sanctions be granted in part and

---

[1] All other claims asserted by plaintiff have been dismissed.  (ECF No. 4-5).

denied in part.  I recommend that the motion be granted to the extent that defendant is entitled to reasonable attorney's fees and costs related to plaintiff's failure to appear for his deposition.  Further, if the recommendation for dismissal based on plaintiff's failure to prosecute and keep the Court apprised of his address is rejected, I recommend that the Court direct defendant to submit specific evidence establishing the reasonableness of all the attorney's fees and costs claimed, provide plaintiff with an opportunity to challenge the reasonableness of the fees and costs claimed, and to require plaintiff to pay the reasonable attorney's fees and costs as determined by the Court within 30 days, before plaintiff is permitted to proceed with this lawsuit.  I recommend that the remainder of defendant's motion be denied.

<u>Facts</u>

Plaintiff filed his complaint on May 5, 2016.  He gave a P.O. Box in Centerville, Michigan as his address.  (ECF No. 1 at PageID.2).  Plaintiff had notice that he was required to keep the Court apprised of his address.  He filed his complaint on the required form, which concludes with the following notice to plaintiff:  "The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal."  (ECF No. 1 at PageID.4).  On August 4, 2016, plaintiff filed a notice of change of address indicating that his new address was a P.O. Box in White Pigeon, Michigan.  (ECF No. 11).

On September 14, 2016, defendant's attorney served a notice of deposition on plaintiff at his last known address, the White Pigeon Post Office Box, and plaintiff failed to appear for his September 29, 2016, deposition.  (ECF No. 16-4, PageID.84-85;

ECF No. 16-5, PageID.87-88).  On November 29, 2016, defendant filed his motion for Rule 37 sanctions.  (ECF No. 16).  Defendant's motion has been pending for almost eight months. Plaintiff has never filed a response.

## Discussion

The August 4, 2016, notice of change of address providing the White Pigeon P.O. Box address (ECF No.11) is the last communication the Court received from plaintiff. He has never notified the Court of any subsequent change of address.

In addition, plaintiff thwarted defendant's attempt to conduct discovery when he failed to appear for his deposition.  Plaintiff made no attempt to conduct discovery in support of his claim and his deadline for conducting discovery has passed.  (ECF No. 10).

It was the filing-fee installments noted on the docket sheet for recent months that gave the first hint that plaintiff's real address was a Michigan prison, not the White Pigeon address.  An online search of MDOC's OTIS database revealed that plaintiff is currently an inmate at the Parnall Correctional Facility, and that he is serving a sentence imposed in St. Joseph County Circuit Court on March 25, 2013.

Plaintiff has failed to prosecute this lawsuit and has failed to keep the Court apprised of his address.   Accordingly, I recommend that plaintiff's complaint be dismissed.  *See* FED. R. CIV. P. 41(b); *see also Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *  1 (6th Cir. Apr. 20, 1987); *Grogg v. Clark*, No. 2:15-cv-298, 2017 WL 123798, at * 1 (E.D. Tenn. Jan. 12, 2017).

Defendant seeks the imposition of "Rule 37" sanctions against plaintiff. Defendant has not identified a violation of a court order that would support the sanctions authorized under Rule 37(b).  Defendant has established grounds for imposition of monetary sanctions under Rule 37(a).  I find that under Rule 37(a)(5)(A) defendant is entitled to reasonable expenses and attorneys fees, but not the more significant sanctions requested.  Thus, I recommend that defendant's motion be granted in part and denied in part.

## Recommended Disposition

For the foregoing reasons,  I recommend that plaintiff's complaint be dismissed under Rule 41(b) for failure to prosecute and failure to keep the Court apprised of his address.  I recommend that defendant's motion for Rule 37 sanctions be granted in part and denied in part.  I recommend that the motion be granted to the extent that defendant is entitled to reasonable attorney's fees and costs related to plaintiff's failure to appear for his deposition.  Further, if the recommendation for dismissal based on plaintiff's failure to prosecute and keep the Court apprised of his address is rejected, I recommend that the Court direct defendant to submit specific evidence establishing the reasonableness of all the attorney's fees and costs claimed, provide plaintiff with an opportunity to challenge the reasonableness of the fees and costs claimed, and to require plaintiff to pay the reasonable attorney's fees and costs as determined by the Court within 30 days, before plaintiff is permitted to proceed with this lawsuit.  I recommend that the remainder of defendant's motion be denied.

Dated:  July 27, 2017                    /s/  Phillip J. Green
                                        United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).